AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                           **ORDER OF DETENTION PENDING TRIAL**

MILO SANTANA SANCHEZ                         Case Number: 07-20099-07-JWL-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached page)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 4, 2007                              s/ David J. Waxse
                                                      *Signature of Judicial Officer*

                                                      DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                      *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Milo Santana Sanchez
Criminal Action 07-20099-07-JWL-DJW

# Part II - Written Statement of Reasons for Detention

There is a set of factors contained in 18 U.S.C. §3142 that I have to look at to determine whether there are conditions that will assure your appearance and the safety of others.

The first factor is the nature and circumstances of the offense charged, including whether it involves a controlled substance. It clearly does, so that is a negative factor towards release.

The next factor is the weight of the evidence. The Indictment is a probable cause determination.

The next factor is the history and characteristics of the person. There is nothing to indicate problems with physical or mental condition.

The family ties are positive.

His employment is positive.

The financial resources are a problem in terms of the large amounts of cash that appear to be available to defendants.

The length of residence is positive.

Community ties are positive.

The next factor is past conduct, including drug or alcohol abuse and criminal history. There clearly are problems, including the prior felony conviction which increases the penalty in this case, which makes the risk of flight even greater.

Finally is the nature and seriousness of the danger to any person or the community that would be posed by the release. Any time you are talking about a major drug operation, that is a danger.

Based on the review of those factors and the presumption that is in place, this defendant will remain detained.

3

Case 2:07-cr-20099-JWL     Document 60     Filed 09/04/07     Page 3 of 3