IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                          Case No. 07-20099-07-JWL

**Milo Santana Sanchez,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2009, defendant Milo Santana Sanchez entered a plea of guilty to one count of conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. The court sentenced defendant to a 210-month term of imprisonment and a ten-year term of supervised release. This sentence was later reduced to 168 months imprisonment. Defendant began his term of supervision in December 2019. This matter is now before the court on defendant's motion for early termination of his supervision (doc. 1173). The government opposes the motion. As will be explained, the motion is denied without prejudice to refiling.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). Defendant contends that early termination is appropriate because his reintegration into society is complete and further supervision is unnecessary. In support of his motion, he asserts that he has maintained stable

residency; has maintained stable employment; has incurred no violations while on supervision; has paid all financial obligations; and now desires to expand his business by obtaining his CDL to drive over-the-road.  He asserts that his goal of expanding his business is hampered by his continued supervision, which requires permission from probation before leaving the judicial district.  The probation office supports defendant's request for early termination.

The government opposes defendant's motion on the grounds that early termination, particularly just over two years into a ten-year term, does not reflect the seriousness of defendant's crimes of conviction and that defendant will benefit from additional time on supervision, at least until the three-year mark, at which time the government states it will not oppose the motion.  It appears from defendant's motion that his primary concern with respect to his supervision is that his ability to travel over-the-road in support of his trucking business is hampered by the need for advanced authorization from probation.  The government indicates it does not object to the modification of this condition so that he is not required to seek authorization before leaving the District for purposes of his trucking business.  The court will permit this modification so that defendant may travel without advance authorization.  Having addressed that concern, the court sees no reason to terminate defendant's term of supervised release at this time, particularly as he may benefit from continued supervision.  Accordingly, the court denies the motion without prejudice to refiling the motion once defendant has successfully completed three years of supervision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for early termination of supervised release (doc. 1173) is denied without prejudice to refiling.

**IT IS SO ORDERED.**


Dated this 1st day of April, 2022, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
